■ Francisco Tavares, Respondent, v Hobart Waste Compactor, Inc., True Name Hobart Corporation, Appellant and Third-Party Plaintiff-Appellant, and Southern Equipment Corp. et al., Respondents. Interstate United Corporation et al., Third-Party Defendants-Respondents, et al., Third-Party Plaintiff.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about October 6, 1988, which, inter alia, denied defendant and third-party plaintiff Hobart Corporation's motion to dismiss the complaint, cross claims and counterclaims, unanimously modified, on the law, to grant said motion to the extent of dismissing the second and third causes of action of the complaint and, except as thus modified, affirmed, without costs or disbursements.

Defendant and third-party plaintiff Hobart manufactured a waste compactor equipped with a retractable discharge chute intended to block a user from inserting his hand into the machine, and an interlock switch which would prevent the compactor from being activated if the chute is raised. The machine was sold by Hobart to its present owner in 1973. On March 7, 1985, 12 years later, plaintiff sustained serious injuries when his left forearm and hand were caught inside the compactor's metal paddle. It is uncontroverted that a third party had altered the compactor's safety device by removing and bypassing the interlock. Hobart argues that, as originally equipped, the compactor was reasonably safe for its intended use and that, had the safety device not been removed and the interlock switch "jumped", plaintiff's injury would not have occurred.

We believe that sufficient has been shown to warrant denial of Hobart's motion for summary judgment dismissing the negligence and products liability causes of action. This record includes an expert's opinion that it was technically feasible in 1973 to design and manufacture a compactor that could not be activated even if the safety interlock malfunctioned or in any way became inoperable. Moreover, the compactor failed to contain a warning about the consequences of operating it without a properly functioning interlock in place. Another expert was of the opinion that the compactor, as originally designed, was defective. Thus, on this record, it cannot be determined that the subsequent modifications rendered an otherwise safe machine defective. (See, Hierro v Bliss Co., 145 AD2d 731; see also, Lopez v Precision Papers, 67 NY2d 871, 873.)

The two causes of action for breach of warranty were, however, time barred and should have been dismissed. The motion court construed Uniform Commercial Code § 2-725 as allowing an injured party to sue for breach of warranty as long as the "individual * * * sues within four years of the date of sale or three years from the accident". This was error. A cause of action against a manufacturer or distributor accrues on the date that the party charged tenders delivery of the product. (Heller v U.S. Suzuki Motor Corp., 64 NY2d 407.) This action, commenced 12 years after the manufacturer's sale of the compactor, was thus time barred, insofar as the breach of warranty claims against Hobart are concerned. Concur—Sullivan, J. P., Carro, Asch, Rosenberger and Ellerin, JJ.