■ Moy Acres Farms, Inc., Respondent, v Agway, Inc., Respondent, and Germania Dairy Automation, Inc., Appellant. [623 NYS2d 338] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Dier, J.), entered November 3, 1993 in Washington County, which denied motions by defendant Germania Dairy Automation, Inc. for summary judgment dismissing the complaint and all cross claims against it.

The events underlying this action occurred in May 1989, when plaintiff attempted to upgrade the milk parlor washing system in use at its dairy farm in Washington County. To this end, plaintiff purchased from defendant Agway, Inc. an air injector manufactured by defendant Germania Dairy Automation, Inc., a sanitary vacuum trap and additional piping. After Agway installed the equipment, however, the system failed to function properly and a number of plaintiff's cows developed mastitis. Dissatisfied with the assistance he had received from Agway personnel, Guy Moy, plaintiff's president and sole shareholder, contacted Glenn Armstrong, a Germania employee, who also attempted to remedy the situation, to no avail. The system was eventually restored to its previous configuration, but not before plaintiff had allegedly suffered significant losses as a result of the outbreak of infection.

Plaintiff thereafter commenced this suit against Agway and Germania seeking to recover for breach of express and implied warranties, negligence, breach of statutory duty and on the theory of res ipsa loquitor. Agway and Germania asserted cross claims against each other for contribution and indemnification and, after issue was joined, Germania made motions for summary judgment dismissing all of the claims directed against it. The motions were denied and Germania appeals.

Germania's position has merit. The cause of action for breach of an express warranty lacks substance, for plaintiff admits, through its president, that it received no verbal or written warranty of any type upon which it might have relied (see, Pronti v DML of Elmira, 103 AD2d 916, 917). The cause of action for breach of implied warranty must also fail, for plaintiff has produced no proof that the damages at issue were caused by any failure of, or defect in, the air injector, which was the only part supplied by Germania.

Plaintiff's assertions of negligence on the part of Germania are apparently based upon Armstrong's actions, or inaction, in attempting to alleviate the problems caused by the "upgraded" system. While plaintiff is correct in noting that once Armstrong undertook to offer advice and effectuate repairs and adjustments to the system he assumed a duty to act reasonably in doing so (see, Wolf v City of New York, 39 NY2d 568, 573), there is no evidence that he acted imprudently. The contention that it was unreasonable for Armstrong to try to remedy the problem, rather than immediately order the "upgrade" removed, is without foundation in the record. Beyond that, there is no indication that Armstrong's actions "placed plaintiff * * * in a more vulnerable position than [it] would

have been in" had Germania simply refused to become involved *(Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 522; *see, Gordon v Muchnick,* 180 AD2d 715).

The fifth cause of action, even if liberally construed as stating a claim for negligence based on the theory of res ipsa loquitur, is also meritless, for it is clear that Germania did not exert exclusive control over the additions to plaintiff's system *(see, Ebanks v New York City Tr. Auth.,* 70 NY2d 621, 623). Nor is there any force to plaintiff's assertion that Germania breached a statutory or regulatory duty. Since Germania was not the installer of the new parts, it was not required to submit plans to the Department of Agriculture and Markets *(see,* 1 NYCRR 2.64).

As for the cross claim of Agway, inasmuch as there has been no satisfactory showing that plaintiff's damages were caused by any defect in the materials or workmanship of the air injector, and the express warranty upon which Agway relies to establish its right to indemnification contains a disclaimer of all implied warranties including those of merchantability and fitness for a particular purpose, there is neither a tort nor contract basis upon which Agway could obtain the relief it seeks. Given the absence of proof that Germania acted improperly or actually caused the problem of which plaintiff complains, the cross claim should also have been dismissed.

Cardona, P. J., Mikoll, Crew III and White, JJ., concur. Ordered that the order is reversed, on the law, with costs, motions granted, summary judgment awarded to defendant Germania Dairy Automation, Inc. and complaint and cross claim are dismissed against said defendant.