■ Rocco Carbone, an Infant, by His Father and Natural Guardian, Attilio Carbone, et al., Respondents, v Joseph Alagna, Jr., an Infant, by His Parent and Natural Guardian, Joseph Alagna, Sr., et al., Defendants, and Dogwood Farms, Inc., Doing Business as Dogwood Farms Convenience Store, et al., Appellants. (And a Third-Party Action.) [658 NYS2d 48] —In an action to recover damages for personal injuries, etc., (1) the defendant Dogwood Farms, Inc. d/b/a Dogwood Farms Convenience Store, appeals from so much of an order of the Supreme Court, Nassau County (Schmidt, J.), dated April 10, 1996, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it and granted the plaintiffs' cross motion for leave to serve an amended complaint, and (2) the defendants JA-RU, Inc., and PDJ Industries, Inc., separately appeal, as limited by their brief, from so much of the same order as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from,

on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, the motions are granted, the cross motion is denied, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The infant plaintiff, Rocco Carbone, who was 11 years old at the time of the accident, was allegedly injured when he was struck by a metal projectile fired by his playmate, the 13-year-old defendant Joseph Alagna, Jr. (hereinafter Joseph), from a slingshot marketed by the appellants. The plaintiffs commenced this action against Joseph and his father, and against the retailer, Dogwood Farms, Inc. d/b/a Dogwood Farms Convenience Store, which allegedly sold the slingshot to Joseph, and the distributors of the slingshot, JA-RU, Inc., and PDJ Industries, Inc. The complaint insofar as asserted against the appellants sounded, *inter alia,* in negligent entrustment and strict products liability. The appellants each moved for summary judgment dismissing the complaint as against them but their motions were denied. The Supreme Court granted the plaintiffs' cross motion for leave to amend the complaint to add causes of action based on breach of warranty. We now reverse.

Contrary to the conclusion of the Supreme Court, the appellants may not be held liable for the infant plaintiff's injuries under a theory of negligent entrustment. To impose liability under this theory, the defendants must either have had some special knowledge concerning a characteristic or condition peculiar to Joseph which rendered his use of the slingshot unreasonably dangerous, or some special knowledge as to a characteristic or defect peculiar to the slingshot which rendered it unreasonably dangerous (*see, e.g., Snyder v Kramer,* 94 AD2d 860, *affd* 61 NY2d 961). While the misuse of a slingshot certainly carries with it grave potential dangers, the weight of authority supports a finding that slingshots constitute toys used by adolescents. Therefore, the entrustment of a slingshot to an adolescent is not actionable absent further evidence of the unsuitability of the user and the seller's knowledge thereof (*see, Bojorquez v House of Toys,* 62 Cal App 3d 930, 133 Cal Rptr 483; *see also, Guay v Winner,* 189 AD2d 1081; *Stanford v Wal-Mart Stores,* 600 So 2d 234 [Ala]; *Morris v Toy Box,* 204 Cal App 2d 468, 22 Cal Rptr 572; *Highsaw v Creech,* 17 Tenn App 573, 69 SW2d 249). We note that New Jersey and Massachusetts have outlawed the sales of slingshots but the Legislature of this State has not seen fit to take similar action. Penal Law § 265.01 does proscribe possession of "wrist-brace"

type slingshots but the instrument at issue in this case is not of that variety.

We likewise find that the plaintiffs may not recover on a products liability theory. "A cause of action in strict products liability lies where a manufacturer places on the market a product which has a defect that causes injury * * * As the law has developed thus far, a defect in a product may consist of one of three elements: mistake in manufacturing * * * improper design * * * or by the inadequacy or absence of warnings for the use of the product" (*Robinson v Reed-Prentice Div.*, 49 NY2d 471, 478-479). Here, the plaintiffs maintain that the slingshot was defective because it was marketed without adequate warnings.

"A manufacturer who sells a product in a defective condition is liable for injury which results to another when the product is used for its intended purpose or for an unintended but reasonably foreseeable purpose" (*Lugo v LJN Toys*, 75 NY2d 850, 852). "But there is no liability for failure to warn where such risks and dangers are so obvious that they can ordinarily be appreciated by any consumer to the same extent that a formal warning would provide * * * or where they can be recognized simply as a matter of common sense" (*Bazerman v Gardall Safe Corp.*, 203 AD2d 56, 57). Here, the product did carry warnings not to aim the slingshot at people or animals and, in any event, Joseph admittedly discarded the packaging without reading the warnings. Accordingly, as a matter of law, we find that the appellants cannot be held liable under a failure to warn theory.

In addition, the plaintiffs' express warranty claims were patently deficient since they did not allege that warranties were made (*see, Moy Acres Farms v Agway, Inc.*, 212 AD2d 832; *Bichler v Willing*, 58 AD2d 331), and there was no breach of implied warranty since the appellants may not be held liable for Joseph's misuse of the product (*see, Walk v Case Co.*, 36 AD2d 60).

In light of our determination, the plaintiffs' cross motion for leave to amend their complaint must be denied. Miller, J. P., Copertino, Krausman and Florio, JJ., concur.