(July 17, 2000)

■ EDWARD AGUILAR et al., Appellants-Respondents, v KENNETH LYNCH et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants, STEPHEN AFFATATO, SR., et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendants. DONNA JENSEN et al., Third-Party Defendants-Respondents. [711 NYS2d 31] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated May 27, 1999, as granted the motion of the defendants Stephen Affatato, Sr., and Stephen Affatato, Jr., for summary judgment dismissing the complaint insofar as asserted against them, and the defendants Kenneth Lynch and Phyllis Lynch, individually and d/b/a P&K's Card Shoppe cross-appeal, as limited by their brief, from stated portions of the same order which, *inter alia*, denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is modified by deleting the provision thereof denying the cross motion and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, the complaint and all cross claims are dismissed insofar as asserted against the defendants Kenneth Lynch and Phyllis Lynch, individually and d/b/a P&K's Card Shoppe, and the action against the remaining defendants is severed.

The 11-year-old infant plaintiff and his three friends (hereinafter collectively the group) were playing with smoke bombs, small round balls which when lit produce colored smoke, and rubber cement in the parking lot of a shopping center in which a card store owned by the defendants Kenneth Lynch and Phyllis Lynch d/b/a P&K's Card Shoppe (hereinafter collectively P&K) was located. Some of the group had purchased the smoke bombs and rubber cement from P&K. While they were playing, one of the group, the defendant Anthony Salerno, poured rubber cement directly from its container onto a burning smoke bomb. The rubber cement ignited and the flame travelled up into the container. In a panic, Salerno inadvertently threw the flaming container which exploded and injured the infant plaintiff. Thereafter, the plaintiffs commenced this action against, among others, P&K.

After depositions were completed, P&K moved to dismiss the complaint and all cross claims insofar as asserted against them. The Supreme Court denied the motion on the ground that there was a triable issue of fact as to whether, by selling the smoke bombs together with the rubber cement, P&K had negligently entrusted these two items to the members of the group. This was error. The sale of these two relatively common and innocuous items, even together, to any of the group's members does not give rise to liability under a theory of negligent entrustment (*see generally, Carbone v Alagna,* 239 AD2d 454). Accordingly, the cross motion of P&K for summary judgment should have been granted.

The parties' remaining contentions are either without merit or need not be addressed in light of our determination. Bracken, J. P., O'Brien, Thompson and Florio, JJ., concur.