Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendants' contention, the verdict on the issue of liability was not against the weight of the evidence. A jury verdict should not be set aside as against the weight of the evidence "unless 'the jury could not have reached the verdict on any fair interpretation of the evidence' " (*Nicastro v Park,* 113 AD2d 129, 134 [1985], quoting *Delgado v Board of Educ.,* 65 AD2d 547 [1978], *affd* 48 NY2d 643 [1979]). In reviewing the record to ascertain whether the verdict was based on a fair interpretation of the evidence, great deference must be given to the fact-finding function of the jury, as it was in the foremost position to assess witness credibility (*see Schray v Amerada Hess Corp.,* 297 AD2d 339 [2002]). Under the circumstances of this case, the jury could have concluded, based on a fair interpretation of the evidence, that the defendants were negligent and deviated from good and accepted medical practice, and that their negligence and deviation from good and accepted medical practice was the proximate cause of the plaintiff Michelle McCord's permanent brain injury.

Furthermore, the damage awards for past and future pain and suffering and future medical expenses, as reduced by the Supreme Court, do not deviate materially from what would be reasonable compensation (*see Weldon v Beal,* 272 AD2d 321, 322 [2000]; *Baumgarten v Slavin,* 255 AD2d 538, 540 [1998]; *DiMarco v New York City Health & Hosps. Corp.,* 247 AD2d 574, 576 [1998]).

The parties' remaining contentions are without merit. Santucci, J.P., Luciano, Schmidt and Adams, JJ., concur.

■ Lorraine Finazzo, Respondent, v American Honda Motor Company, Inc., et al., Appellants. [766 NYS2d 575]—

In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Jonas, J.), entered March 21, 2003, as denied those branches of the motion of the defendants American Honda Motor Company, Inc., and Liberty Chevrolet, Inc., doing business as Bronx Honda, which were for summary judgment dismissing the causes of action to recover damages based on strict products liability, negligent manufacture, and negligence.

Ordered that the appeals by the defendants Honda North America, Inc., and Honda Motor Co., Ltd., are dismissed, without costs or disbursements, as those defendants are not aggrieved by the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is modified by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the cause of action to recover damages based upon negligent manufacture and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

On February 19, 1994, the plaintiff's decedent died in an automobile fire. The decedent was apparently passed out inside the idling vehicle, a 1987 Honda Civic CRX, when a fire started in the engine compartment and engulfed the car. The defendant American Honda Motor Company, Inc., was a distributor of Honda vehicles throughout the country, and the defendant Liberty Chevrolet, Inc., doing business as Bronx Honda, was an authorized Honda dealer (hereinafter collectively the defendants).

The Supreme Court correctly determined that the plaintiff's expert had the requisite experience to render an opinion as to the design of the vehicle's engine compartment and as to the origin of the fire (*see Caprara v Chrysler Corp.,* 52 NY2d 114 [1981]; *Matott v Ward,* 48 NY2d 455 [1979]).

Although the defendants made a prima facie showing that the subject vehicle was not defective (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]), the Supreme Court correctly determined that the affidavit of the plaintiff's expert raised triable issues of fact with respect to a design defect (*see Denny v Ford Motor Co.,* 87 NY2d 248 [1995]; *Voss v Black & Decker*

*Mfg. Co.,* 59 NY2d 102 [1983]; *see generally Zuckerman v City of New York,* 49 NY2d 557 [1980]).

However, the plaintiff failed to raise a triable issue of fact with respect to negligent manufacture. In opposition to the defendants' motion, the plaintiff submitted no evidence that the vehicle had not performed as intended due to a flaw in the fabrication process. Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages based upon negligent manufacture.

The defendants' remaining contentions are without merit. Prudenti, P.J., Smith, Friedmann and H. Miller, JJ., concur.