■ DANIEL ESTRADA et al., Appellants, v BERKEL INCORPORATED et al., Respondents. (And a Third-Party Action.) [789 NYS2d 172]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Dollard, J.), dated December 20, 2002, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On May 4, 2000, Jorge Estrada left his two-year-old son, the plaintiff Daniel Estrada, watching television unattended at a table in the dining room of his restaurant while he walked next door to a supermarket to purchase supplies. During his absence, Daniel arose and entered the adjacent kitchen. He then placed a chair next to the counter, climbed up, and inserted his left hand into an electric meat grinder causing him to lose four fingers. The grinder, which was manufactured by the nonparty, Enterprise Manufacturing Company (hereinafter Enterprise Manufacturing), had been left running as a matter of convenience by a member of the kitchen staff. The defendant Berkel Incorporated acquired Enterprise Manufacturing's commercial product line in or about 1956 and did not contest the issue of successor li-

ability (*see Schumacher v Richards Shear Co.*, 59 NY2d 239, 244 [1983]; *Ward v Lithibar-Matik, Inc.*, 6 AD3d 424, 425 [2004]; *Rivera v Anderson United Co.*, 283 AD2d 563 [2001]).

The plaintiffs commenced this action to recover damages for personal injuries based on negligence, failure to warn, and strict products liability. Following joinder of issue, the defendants moved for summary judgment dismissing the complaint. Contrary to the plaintiffs' contention the Supreme Court correctly granted the defendants' motion.

"Where liability is predicated on a failure to warn, New York views negligence and strict liability claims as equivalent" (*Martin v Hacker*, 83 NY2d 1, 8 n 1 [1993]). Where, however, the danger is readily apparent as a matter of common sense, there is no duty to warn (*see Liriano v Hobart Corp.*, 92 NY2d 232, 242 [1998]; *Carbone v Alagna*, 239 AD2d 454, 456 [1997]). In any event, in this instance a warning would have been merely superfluous since the infant plaintiff could not read. "[A]s in any products liability case, the plaintiff in an action premised on inadequate warnings must prove causation" (*Johnson v Johnson Chem. Co.*, 183 AD2d 64, 70 [1992]).

"A manufacturer who sells a product in a defective condition is liable for injury which results to another when the product is used for its intended purpose or for an unintended but reasonably foreseeable purpose" (*Lugo v LJN Toys, Ltd.*, 75 NY2d 850, 852 [1990]; *see Carbone v Alagna, supra* at 456; *Johnson, supra* at 70). However, even if the affidavit of the plaintiffs' expert was sufficient to raise triable issues of fact as to whether the grinder was negligently designed at the time it was manufactured and whether the balance of the relevant "risk-utility factors," such as the availability of a feasible alternative design, weighed in their favor (*see Milazzo v Premium Tech. Servs. Corp.*, 7 AD3d 586, 587 [2004]; *Finazzo v American Honda Motor Co.*, 1 AD3d 315, 316 [2003]; *Giunta v Delta Intl. Mach.*, 300 AD2d 350, 352 [2002]; *cf. Warlikowski v Burger King Corp.*, 9 AD3d 360, 362 [2004]; *Banks v Makita, U.S.A., Inc.*, 226 AD2d 659, 661 [1996]), "it cannot be said that the injured plaintiff was a reasonably foreseeable user of the commercial meatgrinding machine" (*Darsan v Globe Slicing Mach. Co.*, 200 AD2d 551, 552 [1994]; *Cramer v Toledo Scale Co.*, 158 AD2d 966, 967 [1990]; *see also Ramirez v Avery Berkel, Inc.*, 2004 US Dist LEXIS 4510 [SD NY, Mar. 16, 2004]). Adams, J.P., Smith and Lifson, JJ., concur.

Crane, J., concurs in part and dissents in part and votes to modify the order appealed from by deleting the provisions thereof granting those branches of the motion which were for

summary judgment dismissing the first and second causes of action and substituting therefor provisions denying those branches of the motion, and otherwise affirming the order, with the following memorandum: I agree with the majority that the Supreme Court correctly granted summary judgment dismissing the plaintiffs' third cause of action to recover damages for failure to warn.

I disagree, however, with the dismissal of the causes of action based on negligence and strict products liability. To establish a claim for strict products liability, the plaintiffs "need only prove that the product was defective as the result of either a manufacturing flaw, [or] improper design . . . and that the defect was a substantial factor in bringing about the injury" (*Godoy v Abamaster of Miami,* 302 AD2d 57, 60 [2003]). In support of their motion for summary judgment, the defendants Berkel Incorporated and Berkel of New York, Inc. (hereinafter collectively Berkel), established their entitlement to judgment as a matter of law through the unsworn statement in a letter of their engineering consultant, Peter Schwalje. Schwalje opined that no guard could have been applied to the grinding machine that would have protected the infant plaintiff while permitting the grinding machine to perform properly. He also stated that it was not anticipated that children would be using the grinding machine and its use was restricted to those who had reached majority.

Although an unsworn statement generally does not constitute competent evidence to support a motion for summary judgment (*see Peschanker v Loporto,* 252 AD2d 485 [1998]; *Moore v Tappen,* 242 AD2d 526, 526-527 [1997]), the plaintiffs failed to raise in the Supreme Court any protest to the form of Berkel's evidence. Therefore, the argument they now raise with respect to this unsworn statement is unpreserved for appellate review (*see Scudera v Mahbubur,* 299 AD2d 535 [2002]; *Aguirre v City of New York,* 214 AD2d 692, 692 [1995]).

In opposition to the motion, the plaintiffs submitted the affidavit of an industrial engineer, Harry Ehrlich, who opined that the hazards posed to children by meat grinders were well known in the industry at the time the subject meat grinder was manufactured. Ehrlich also stated that technology was then available to address those hazards. Contrary to the Supreme Court's determination, Ehrlich's affidavit was in no way conclusory, and he referred to various documents as evidence of industry standards. Thus, the plaintiffs in opposition raised a triable issue of fact as to whether it was technically feasible to design and manufacture a safer machine and whether the fail-

ure to do so constituted negligence for which Berkel should be held strictly liable (*see Tavares v Hobart Waste Compactor,* 151 AD2d 251, 252 [1989]).

The majority shifts the burden of proof on these claims, and holds that Berkel cannot be liable because the infant plaintiff was not a foreseeable user of the meat grinder. This ignores the law with respect to products liability that foreseeability, or lack thereof, is not relevant (*see Gebo v Black Clawson Co.,* 92 NY2d 387, 392 [1998]; *Godoy v Abamaster of Miami, supra* at 60-61).

Accordingly, I would reinstate the first and second causes of action based on negligence and strict products liability and otherwise affirm the order with respect to the dismissal of the third cause of action to recover damages for failure to warn.