■ RONALD J. BOLLINGER et al., Infants, by FRED A. BOLLINGER, Their Father and Natural Guardian, Respondents, v. RALPH BORDEN et al., Respondents. SARATOGA HARNESS RACING ASSOCIATION, INC., Defendant and Third-Party Plaintiff-Appellant, v. HELEN T. BOLLINGER et al., Third-Party Defendants-Respondents.— GABRIELLI, J. Appeal from orders of the Supreme Court at Special Term, entered January 26, 1967 and August 11, 1967 which dismissed a third-party complaint. As the result of a collision which occurred on a private thoroughfare called "Woods Road" owned and maintained by the appellant, an action was commenced by the operator of and a passenger in the Bollinger vehicle against the owner and operator of the Borden vehicle, the employer of the owner Borden and the appellant. The complaints charge appellant with ownership and control of Woods Road and with failure to mark, sign, control, construct and maintain the road, failure to warn users thereof of the dangers · upon the road, failure to have competent personnel trained in the control of traffic, allowing the use of improper speed on the road *and* with failure to detour traffic away from the road when it was not to be used and in permitting unauthorized use of the road. Appellant has commenced a "third-party action" against the owners and operators of both vehicles, alleging that it was passively negligent, if negligence be found, and seeks indemnification. Since the original complaints had named the Bordens and appellant as defendants, the only true third-party defendant is the owner of the Bollinger vehicle, while the claims against the Bordens are cross claims and appellant's claim against Paul T. Bollinger is actually a counterclaim. However, since all the parties are before the court and since the essential differences between serving a cross claim and impleading a party are not of great substance, we may disregard the irregularities and determine the matter on its merits (CPLR 2001, 3026). The claims made by appellant must of course " state a cause of action, and it is equally clear that if the original complaint

could only be construed as charging the cross claimant with active negligence, the cross complaint must be dismissed (e.g., *Bush Term. Bldgs.* v. *Luckenbach S.S. Co.*, 9 N Y 2d 426). However, it is conversely true that if a complaint can be read to disclose any theory upon which the cross claimant would be entitled to indemnity it should be upheld (*Johnson* v. *Endicott Johnson Corp.*, 278 App. Div. 626; see 5 Carmody-Wait 2d, New York Practice, § 30.81, p. 687)." (*Vander Veer* v. *Tyrrell*, 29 A D 2d 255, 257.) While it is readily evident from an examination of the main complaints that several of the allegations charge active negligence, it is likewise clear that paragraph "18", subparagraph (e), wherein it is alleged that the appellant failed to detour traffic away from the road when it was not to be used, and subparagraph (1) wherein appellant is charged with permitting unauthorized use of the road, could well be claims of passive negligence for the reason that if it is found that the accident was caused by the negligence of either of the drivers alone, the appellant could be found to be passively liable for erroneously permitting the road to be used. (*Vander Veer* v. *Tyrrell*, 29 A D 2d 255, 261, *supra*). Restraint should be exercised in dismissing cross or third-party claims at the pleading stage if doubt there be as to the effect of the allegations, where as here, there are questions regarding the status of the plaintiffs on the road and the status of the road itself, which affect the respective duties and obligations of the parties and have resulting effect on their legal status. Orders reversed, on the law and the facts, with costs, and motions denied. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.