■ MIRAGE REST., INC., Appellant, v MAJESTIC CHEVROLET, INC., et al., Defendants and Third-Party Plaintiffs-Respondents; JACOB M. SHAPIRO, Third-Party Defendant. HOWARD SHAPIRO, Doing Business as CHERRY'S, Third-Party Defendant-Appellant.—In an action, *inter alia,* to recover damages for breach of contract, the plaintiff and third-party defendant Howard Shapiro, doing business as Cherry's, appeal from an order of the Supreme Court, Nassau County, dated November 13, 1979, which denied their motion for an order requiring defendants and third-party plaintiffs to serve a more definite statement of their counterclaims and third-party complaint (see CPLR 3024). Permission for the taking of this appeal is hereby granted by Mr. Justice Titone (see CPLR 5701, subd [c]). Order affirmed, with $50 costs and disbursements. Where all the parties were before the court, defendants' referring to their third-party causes of action against the third-party defendants as a counterclaim instead of a third-party complaint could be disregarded and the merits determined (cf. *Bollinger v Borden,* 30 AD2d 607). We also believe that the pleadings set forth in the counterclaims and third-party complaint against plaintiff and the third-party defendant-appellant, respectively, are not so vague and ambiguous that they are unable to frame a response thereto (see CPLR 3024, subd [a]). Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.

■ ROSE MONACO, Respondent-Appellant, v JOHN MONACO, Appellant-Respondent.—In an action, *inter alia,* for divorce, an equitable division of defendant's solely held assets and damages for breach of an implied marital contract, defendant appeals from so much of an order of the Supreme Court, Suffolk County, dated November 2, 1979, as held that plaintiff's complaint stated · a cause of action for the imposition of a constructive trust or equitable lien on the defendant's solely held real and personal property. Plaintiff cross-appeals from so much of the same order as dismissed her second cause of action insofar as it sought an equitable division of defendant's solely held real and personal property, and dismissed her third cause of action seeking damages for breach of an implied marital contract. Order modified, on the law, by deleting that portion thereof which held that the complaint stated a cause of action to impress a constructive trust and substituting thereof a provision dismissing so much of the complaint as seeks such relief. As so modified, order affirmed insofar as appealed from, without costs or disbursements. When given a liberal reading with plaintiff's affidavit in opposition to the cross motion, the second cause of action in the complaint sets forth a claim for an equitable lien on defendant's real and personal property. It does not, however, state a cause of action to impress a constructive trust. Hopkins, J. P., Lazer, Gibbons and Weinstein, JJ., concur.