■ CHRISTOPHER DREXLER et al., Plaintiffs, v HIGHLIFT, INC., Defendant and Third-Party Plaintiff-Appellant. NEW YORK CITY TRANSIT AUTHORITY, Third-Party Defendant-Appellant; LULL INDUSTRIES, INC., Third-Party Defendant-Respondent. [715 NYS2d 722] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff Highlift, Inc., appeals from so much of an order of the Supreme Court, Nassau County (Dunne, J.), entered July 22, 1999, as granted that branch of the motion of the third-party defendant Lull Industries, Inc., which was for summary judgment dismissing the third-party complaint, and the third-party defendant New

York City Transit Authority separately appeals from so much of the same order as granted that branch of the motion of the third-party defendant Lull Industries, Inc., which was for summary judgment dismissing its cross claim insofar as asserted against Lull Industries, Inc.

Ordered that the order is reversed, with costs, the motion is denied, and the third-party complaint and the cross claim insofar as asserted against Lull Industries, Inc., are reinstated.

The third-party defendant Lull Industries, Inc. (hereinafter Lull), moved for summary judgment, but the Supreme Court dismissed the third-party complaint and the cross claim insofar as asserted against it on the ground that they failed to state a cause of action. The pleadings were facially adequate (*see,* CPLR 3026; *Guggenheimer v Ginzburg,* 43 NY2d 268, 275). The court, moreover, failed to consider evidentiary material in addition to the pleadings, as it must do on a motion for summary judgment (*see,* CPLR 3212). "When evidentiary material is considered, the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, again dismissal should not eventuate" (*Guggenheimer v Ginzburg, supra,* at 275).

Had the court considered Lull's summary judgment motion on the merits, it should have denied that relief. As a general rule, a corporation is not liable for injuries caused by defective products manufactured by its predecessor (*see, Schumacher v Richards Shear Co.,* 59 NY2d 239). There are, however, exceptions to this rule. A corporation may have successor liability if: (1) the successor corporation expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction was entered into fraudulently to escape such obligations (*see, Schumacher v Richards Shear Co., supra,* at 245). The evidence established that one or more of these exceptions may apply here (*see, Rothstein v Tennessee Gas Pipeline Co.,* 259 AD2d 54; *Hart v Bruno Mach. Corp.,* 250 AD2d 58; *Sweatland v Park Corp.,* 181 AD2d 243). Krausman, J. P., Florio, Luciano and Schmidt, JJ., concur.