■ RICHARD RIVERA, Appellant, v ANDERSON UNITED CO., Now Known as DANIELLIE-WEAN, INC., Respondent, et al., Defendant. [727 NYS2d 447] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an amended order of the Supreme Court, Kings County (Garry, J.), dated May 31, 2000, as granted that branch of the motion of the defendant Anderson United Co., now known as Daniellie-Wean, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the amended order is affirmed insofar as appealed from, with costs.

The plaintiff was injured on November 3, 1996, while operating a machine that was manufactured during the 1960's by Adamson United Company (denominated in the caption as Anderson United Co.; hereinafter Adamson). Subsequent to the manufacture, shipping, and installation of the subject machine, Adamson merged with Wean, Inc., which filed for bankruptcy in 1993. The defendant Danieli Corporation, s/h/a "Anderson United Co., now known as Daniellie-Wean, Inc." (hereinafter Danieli), purchased significant portions of Wean, Inc.'s, assets and business through a bid process overseen and approved by the United States Bankruptcy Court for the Western District of Pennsylvania. The transfer was effectuated by an "asset purchase agreement," which included a provision that specifi-

cally excluded liability relating to any product shipped, installed, or serviced by Wean, Inc., prior to the closing of the agreement. The plaintiff commenced this action against, among others, Danieli contending that Danieli was liable for Adamson's alleged defective design and manufacture of the subject machine because the asset purchase was actually a de facto merger, resulting in an exception to the general rule that a corporation which purchases the assets of another corporation is not liable for the liabilities and debts of its predecessors. The plaintiff also contended that Danieli could be held liable under the "product line" exception to the general rule. The Supreme Court determined that none of the exceptions necessary to impose liability upon Danieli were present and granted that branch of Danieli's motion which was for summary judgment.

As a general rule, a corporation which acquires the assets of another is not liable for the torts of its predecessor (*see, Schumacher v Richards Shear Co.,* 59 NY2d 239, 244). There are, however, exceptions to this rule. A corporation may have successor liability if, *inter alia*, there was a consolidation or merger of seller and purchaser (*see, Drexler v Highlift, Inc.,* 277 AD2d 196; *Schumacher v Richards Shear Co., supra,* at 245). Contrary to the plaintiff's contention, the evidence in this case established that the transfer of assets pursuant to the agreement was a sale and not a merger or de facto merger. Consequently, the exception does not apply.

Additionally, the plaintiff argues that the product line exception should be applied to impose liability on Danieli. The product line exception has been adopted by the Appellate Division, Third Department (*see, Hart v Bruno Mach. Corp.,* 250 AD2d 58), but rejected by the Appellate Division, First Department (*see, City of New York v Pfizer & Co.,* 260 AD2d 174). The Court of Appeals, however, has not definitively spoken on the issue (*see, Schumacher v Richards Shear Co., supra,* at 245).

We need not reach the issue of whether the product line exception should be adopted because, in any event, it would not be applicable under the facts of this case. The necessary factors for application of the exception include: (1) the virtual destruction of the injured person's remedy against the original manufacturer caused by the successor's acquisition of the business; (2) the successor's continuation of the manufacture of essentially the same product; (3) the successor's ability to assume the original manufacturer's risk-spreading role; and (4) the successor's enjoyment of the benefits of the original manufacturer's goodwill in the continuation of the same product line (*see, Rothstein v Tennessee Gas Pipeline Co.,* 259 AD2d 54, 57).

Here, the plaintiff failed to establish, *inter alia*, that Danieli continued to manufacture essentially the same product as that which injured the plaintiff. Additionally, there is no evidence that Danieli enjoyed the benefits of the goodwill of the original manufacturer, Adamson, in the continuation of the same product, if indeed the product line has continued. Accordingly, the product line exception is not applicable to the facts of this case. Altman, J. P., Florio, Schmidt and Smith, JJ., concur.