■ DMITRI JELVAKOV, Respondent, v AHL PROCESSING EQUIPMENT Co. et al., Respondents, and EMI, INC., Defendant and Third-Party Plaintiff-Appellant. ROBBINS & MYERS, INC., et al., Third-Party Defendants-Respondents. [773 NYS2d 64]—

In an action to recover damages for personal injuries, the defendant third-party plaintiff second third-party plaintiff EMI, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated June 11, 2002, as denied its cross motion for summary judgment dismissing the complaint, cross claims, and counterclaims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the plaintiff-respondent, the cross motion is granted, the complaint, cross claims, and counterclaims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff allegedly sustained physical injuries while cleaning a piece of industrial equipment known as a "ribbon blender." The ribbon blender was manufactured in or about 1969 by the now-defunct Cleveland Mixer Company (hereinafter Cleveland Mixer) and sold to an initial purchaser in 1970. The blender was thereafter resold to and refurbished by the defendant AHL Processing Equipment Co. (hereinafter AHL). AHL sold it to the plaintiff's employer, the second third-party defendant Ashley Polymers, Inc., in 1996. The plaintiff's injuries allegedly were sustained in 1998.

EMI did not manufacture the subject ribbon blender, nor did it ever own or service it. The assets of Cleveland Mixer were sold sometime between 1969 and 1984 to the Greerco Corporation (hereinafter Greerco); the record contains no documentation as to the terms of that transaction. On or about December 6, 1984, Greerco and EMI entered into an asset purchase agreement pursuant to which EMI acquired the assets related to the Cleveland Mixer product line. The agreement expressly provided

that EMI did not assume any liability, debt, or obligation of Greerco, and that Greerco "shall continue to be responsible for all of its known or unknown liabilities." Greerco remained in business until 1997, when its remaining assets were acquired by the third-party defendant Chemineer, Inc.

The plaintiff commenced this action against, among others, EMI, alleging negligence, strict products liability, and breach of warranty. In opposition to EMI's motion for summary judgment, the plaintiff argued, inter alia, that EMI could be held liable for the tortious conduct of Cleveland Mixer because the asset purchase was actually a merger or a de facto merger between these two corporations, resulting in an exception to the general rule that a corporation which purchases the assets of another corporation is not liable for the debts and liabilities of its predecessors. The Supreme Court denied EMI's motion, finding that an issue of fact existed as to whether a merger or a de facto merger had occurred. We reverse.

Traditionally, a corporation which acquires the assets of another is not liable for the torts of its predecessors (*see Schumacher v Richards Shear Co.*, 59 NY2d 239 [1983]; *Rivera v Anderson United Co.*, 283 AD2d 563 [2001]). There are, however, exceptions to this rule. A corporation may have successor liability if, inter alia, there was a consolidation or merger of seller and purchaser (*see Schumacher v Richards Shear Co., supra* at 245; *Drexler v Highlift, Inc.*, 277 AD2d 196 [2000]). Contrary to the plaintiff's contention, the evidence presented by EMI established as a matter of law that its acquisition of the Cleveland Mixer line from Greerco pursuant to the asset purchase agreement was a sale and not a merger or de facto merger. Consequently, the exception does not apply. In opposition, the plaintiff failed to establish the existence of a triable issue of fact. Accordingly, EMI was entitled to judgment as a matter of law dismissing the complaint and all cross claims and counterclaims insofar as asserted against it.

The plaintiff's remaining contentions are without merit. Ritter, J.P., S. Miller, Adams and Cozier, JJ., concur.