■ MAHER KASEM et al., Respondents, v BNC STORAGE, LLC, Doing Business as AMERICAN SELF STORAGE, Appellant. [816 NYS2d 375]—

In an action for a judgment declaring that the defendant had merged with a predecessor corporation, USA Storage, Inc., and assumed the liabilities of that corporation, and to recover damages for conversion, negligence, and unjust enrichment, the defendant appeals from so much of an order of the Supreme Court, Kings County (Douglass, J.), dated September 20, 2004, as denied that branch of its motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the subject branch of the motion is granted, the causes of action to recover damages for conversion, negligence, and unjust enrichment are dismissed, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant did not assume the liabilities of USA Storage, Inc.

A corporation that purchases the assets of another generally is not liable for the predecessor's tortious conduct (*see Schumacher v Richards Shear Co.*, 59 NY2d 239, 244 [1983]; *Rivera v Anderson United Co.*, 283 AD2d 563, 564 [2001]). However, there are four exceptions to the rule. A corporation may have successor liability if: (1) the successor corporation expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction was entered into fraudulently to escape such obligations (*see Schumacher v Richards Shear Co.*, *supra* at 245; *see also Drexler v Highlift, Inc.*, 277 AD2d 196, 197 [2000]).

The defendant presented an asset sale agreement (hereinafter the Agreement) between itself and USA Storage, Inc. (hereinafter USA Storage). The Agreement established that the transaction was a simple transfer of assets, and that the defendant did not assume the liabilities of USA Storage. The defendant further submitted the affidavit of its managing member, who testified that the defendant never attempted to use USA Storage's identity, and did not hire any supervisory personnel from it.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant did not assume the liabilities of USA Storage (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Adams, J.P., Santucci, Lunn and Dillon, JJ., concur.