Seidler v Knopf (2020 NY Slip Op 04800)





Seidler v Knopf


2020 NY Slip Op 04800


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-06997
 (Index No. 506453/14)

[*1]Steven Seidler, et al., appellants, 
v
Jacob Knopf, etc., et al., respondents, et al., defendants (and a purported third-party action).


Doron Zanani, New York, NY, for appellants.
Miller Law Offices, PLLC, Lawrence, NY (Jeffrey H. Miller and Scott J. Farrell of counsel), for respondents Loft E, LLC, and Robert Teitelbaum.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and securities law violations, the plaintiffs appeal from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated March 13, 2019. The order, insofar as appealed from, denied the plaintiffs' motion for summary judgment dismissing the first and second counterclaims of the defendants Jacob Knopf, Solomon Knopf, Chaya Knopf, Ruth Knopf, Ashburton 70, LLC, and AAR Group Holding, LLC, with leave to renew upon the completion of discovery, and denied the plaintiffs' motion pursuant to CPLR 3211(a) to dismiss the purported third-party complaint served by the defendants Loft E, LLC, and Robert Teitelbaum, with leave to renew upon the completion of discovery.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiffs' motion which was for summary judgment dismissing the second counterclaim of the defendants Jacob Knopf, Solomon Knopf, Chaya Knopf, Ruth Knopf, Ashburton 70, LLC, and AAR Group Holding, LLC, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendants Loft E, LLC, and Robert Teitelbaum, payable by the plaintiffs.
In 2014, the plaintiffs commenced this action, inter alia, to recover damages for breach of contract and securities law violations. The defendants Jacob Knopf, Solomon Knopf, Chaya Knopf, Ruth Knopf, Ashburton 70, LLC, and AAR Group Holding, LLC (hereinafter collectively the Knopf defendants), filed and served an amended answer to the second amended complaint, in which they asserted, inter alia, a counterclaim alleging breach of the implied covenant of good faith and fair dealing (first counterclaim), premised upon an agreement dated August 1, 2008, which was attached to their amended answer. The Knopf defendants also asserted a counterclaim alleging abuse of process (second counterclaim), which was premised upon the plaintiffs' commencement of this action. The defendants Loft E, LLC, and Robert Teitelbaum (hereinafter together the Teitelbaum defendants), upon obtaining leave to serve an amended answer, filed and served upon all parties a pleading styled as a "Verified Amended Answer to Second Amended Complaint, Counter Claims, Cross Claims & Third Party Complaint." The Teitelbaum defendants also served this document, along with a "Third Party Summons," upon Jill Kozak, as trustee of the plaintiff Stephanie Seidler Family Trust and as trustee of the plaintiff Scott Seidler [*2]Family Trust (hereinafter together the Seidler Trusts).
The plaintiffs moved for summary judgment dismissing the Knopf defendants' counterclaims alleging breach of the implied covenant of good faith and fair dealing and abuse of process, contending, in effect, that the Knopf defendants had failed to state a cause of action upon which relief could be granted. The plaintiffs separately moved pursuant to CPLR 3211(a) to dismiss the purported third-party complaint asserted by the Teitelbaum defendants against the trustee of the Seidler Trusts. In an order dated March 13, 2019, the Supreme Court, inter alia, denied the plaintiffs' motions with leave to renew upon the completion of discovery. The plaintiffs appeal.
We agree with the Supreme Court's determination to deny that branch of the plaintiffs' motion which was for summary judgment dismissing the Knopf defendants' counterclaim alleging breach of the implied covenant of good faith and fair dealing. On a motion for summary judgment premised on failure to state a cause of action, the court must consider evidentiary material in addition to the pleadings (see CPLR 3212; Drexler v Highlift, Inc., 277 AD2d 196, 197; Johnson City Cent. School Dist. v Fidelity & Deposit Co. of Md., 263 AD2d 580, 581-582), and the relevant criterion is not whether the proponent of the pleading has stated a cause of action, but whether that party has one (see Drexler v Highlift, Inc., 277 AD2d at 197; see also Alvord & Swift v Muller Constr. Co., 46 NY2d 276, 280-281). Here, the plaintiffs' own submissions revealed triable issues of fact pertaining to the agreement between the parties. Because the plaintiffs failed to meet their prima facie burden of demonstrating entitlement to judgment as a matter of law, we need not consider the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
We disagree, however, with the Supreme Court's determination to deny that branch of the plaintiffs' motion which was for summary judgment dismissing the Knopf defendants' counterclaim alleging abuse of process. The plaintiffs established, prima facie, that the Knopf defendants' abuse of process counterclaim was premised solely on the plaintiffs' alleged malicious commencement of this action. Because such facts cannot support a cause of action alleging abuse of process, the plaintiffs demonstrated, prima facie, their entitlement to judgment as a matter of law dismissing the Knopf defendants' abuse of process counterclaim (see Curiano v Suozzi, 63 NY2d 113, 117; Goldman v Citicore I, LLC, 149 AD3d 1042, 1044; Mago, LLC v Singh, 47 AD3d 772, 773; Marks v Marks, 113 AD2d 744, 745). In opposition, the Knopf defendants failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Accordingly, the court should have granted that branch of the plaintiffs' motion which was for summary judgment dismissing the Knopf defendants' abuse of process counterclaim.
We agree with the Supreme Court's determination to deny the plaintiffs' motion to dismiss the purported third-party complaint, which the plaintiffs contend was in fact an amended answer asserting counterclaims against the existing plaintiffs. Since the irregularities in the Teitelbaum defendants' pleadings did not cause substantial prejudice to any party, and since the "essential differences" between serving counterclaims and impleading a third party are "not of great substance" (Bollinger v Borden, 30 AD2d 607, 607), it was appropriate for the court to disregard any procedural irregularities in the Teitelbaum defendants' amended pleadings (see CPLR 2001; Gunderman v Sure Connect Cable Installation, Inc., 101 AD3d 1214, 1216 n 2; see also Mirage Rest. v Majestic Chevrolet, 75 AD2d 808, 808; Bollinger v Borden, 30 AD2d at 607).
RIVERA, J.P., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court