■ PHILIP WARD et al., Appellants, v LITHIBAR-MATIK, INC., Respondent. (And a Third-Party Action.) [774 NYS2d 341]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Dillon, J.), dated January 21, 2003, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Philip Ward was injured while operating a "depallator" machine that was delivered to Montford Brothers, Inc., by the manufacturer Builders Equipment Company (hereinafter BECO). His hand was crushed when he reached into the depallator to dislodge a concrete block that became stuck after another block fell into a gap between the depallator and a turnover/splitter machine, which was manufactured and installed by the defendant Lithibar-Matik, Inc. (hereinafter Lithibar), in 1987. In 1991 Lithibar purchased some of BECO's assets in a sale approved by the United States Bankruptcy Court. The transfer was effectuated by a "bill of sale and assignment," which included a provision indicating that Lithibar was not assuming or agreeing to pay any liabilities in any way relating to the assets.

In opposition to Lithibar's prima facie demonstration of entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]). None of the exceptions to the general rule that a corporation which purchases the assets of another corporation is not liable for its predecessor's debts and liabilities is applicable to this case (*see Schumacher v Richards Shear Co.,* 59 NY2d 239, 244 [1983]; *Rivera v Anderson United Co.,* 283 AD2d 563 [2001]). Furthermore, in the absence of a contract or an ongoing relationship requiring Lithibar to provide routine or systematic maintenance of the depallator, it had no duty to correct any purported design defect or warn the injured plaintiff's employer of such defect (*see Dauernheim v Lendlease Cars,* 238 AD2d 462, 463 [1997]; *Ayala v V & O Press Co.,* 126 AD2d 229 [1987]; *see also McMurray v P.S. El.,* 224 AD2d 668

[1996]; *Giustino v Hollymatic Corp.,* 202 AD2d 161 [1994]). Also, the conclusion of the plaintiffs' expert that Lithibar created the gap between the depallator and the turnover/splitter when it installed the turnover/splitter was based upon speculation (*see Romano v Stanley,* 90 NY2d 444, 451 [1997]).

Accordingly, Lithibar's motion for summary judgment dismissing the complaint was properly granted. Santucci, J.P., Florio, Krausman and Schmidt, JJ., concur.