■ LORI M. HOOVER et al., Respondents, v NEW HOLLAND NORTH AMERICA, INC., et al., Defendants, and ALAMO GROUP (SMC) INC., Individually and as Successor in Interest to SMC CORPORATION, et al., Appellants. [898 NYS2d 401]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered October 21, 2008 in a products liability action. The order denied the motion of defendants Alamo Group (SMC) Inc., individually and as successor in interest to SMC Corporation, and Alamo Group (USA) Inc., individually and as successor in interest to SMC Corporation, for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this products liability action seeking damages for injuries sustained by plaintiff Jessica Bowers while she was using a posthole digger designed and

manufactured by SMC Corporation (SMC). The assets of SMC were purchased by defendant Alamo Group (SMC) Inc. (Alamo SMC), a subsidiary of defendant Alamo Group (USA) Inc. (Alamo USA), pursuant to an Asset Purchase Agreement (agreement). Supreme Court properly denied the motion of Alamo SMC, individually and as successor in interest to SMC, and Alamo USA, individually and as successor in interest to SMC (collectively, Alamo defendants) seeking summary judgment dismissing the complaint against them.

"Generally, a corporation [that] acquires the assets of another is not liable for the torts of its predecessor unless: (1) it expressly or impliedly assumed the predecessor's tort liability; (2) there was a consolidation or merger of seller and purchaser; (3) the purchasing corporation was a mere continuation of the selling corporation; or (4) the transaction is entered into fraudulently to escape such obligations" (*Sweatland v Park Corp.*, 181 AD2d 243, 245 [1992]; *see Schumacher v Richards Shear Co.*, 59 NY2d 239, 244-245 [1983]). Based on the record before us, it appears that only two of the four exceptions are at issue inasmuch as plaintiffs do not allege fraud and they do not dispute that the "mere continuation" exception is inapplicable because SMC survived the transaction and continues to exist as a corporation (*see Sweatland*, 181 AD2d at 245). The Alamo defendants, however, failed to meet their burden of establishing their entitlement to judgment as a matter of law with respect to the remaining exceptions (*see Meadows v Amsted Indus.*, 305 AD2d 1053, 1055 [2003]). The Alamo defendants' own submissions raise a triable issue of fact whether Alamo SMC expressly or impliedly assumed SMC's tort liability pursuant to the agreement and whether the transaction constituted a de facto merger (*see id.*; *Sweatland*, 181 AD2d at 245-246). Present—Scudder, P.J., Sconiers, Green and Gorski, JJ.