# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1148**
**CA 15-00221**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

BRIAN LIPPENS, PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

WINKLER BACKEREITECHNIK GMBH, WERNER & PFLEIDERER
INDUSTRIELLE BACKTECHNIK GMBH, BAKERY
ENGINEERING/WINKLER, INC., DEFENDANTS-APPELLANTS,
WINKLER INTERNATIONAL CORPORATION, ET AL.,
DEFENDANTS.
(APPEAL NO. 2.)

---

LECLAIR RYAN, A PROFESSIONAL CORPORATION, NEW YORK CITY (LESLIE F.
RUFF OF COUNSEL), FOR DEFENDANTS-APPELLANTS WINKLER BACKEREITECHNIK
GMBH AND WERNER & PFLEIDERER INDUSTRIELLE BACKTECHNIK GMBH.

OSBORN, REED & BURKE, LLP, ROCHESTER (JEFFREY P. DIPALMA OF COUNSEL),
FOR DEFENDANT-APPELLANT BAKERY ENGINEERING/WINKLER, INC.

MACCARTNEY, MACCARTNEY, KERRIGAN & MACCARTNEY, NYACK (WILLIAM K.
KERRIGAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeals from an order of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered November 19, 2014 in a personal injury action. The order, among other things, denied the motions of defendants Bakery Engineering/Winkler, Inc., Winkler Backereitechnik GmbH and Werner & Pfleiderer Industrielle Backtechnik GmbH for summary judgment dismissing plaintiff's amended complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting those parts of the motion of defendant Bakery Engineering/Winkler, Inc. with respect to the fourth and fifth causes of action in the amended complaint, and dismissing those causes of action, and as modified the order is affirmed without costs.

Memorandum: Plaintiff, a New York State resident, commenced this products liability action seeking damages for injuries he sustained in Rochester, New York, in September 2006 when his arm was caught in a component of a commercial bread-making machine known as a "proofer" during the course of his employment with Wegmans Food Market, Inc. (Wegmans), a nonparty. The proofer was sold to Wegmans in 1994 by defendant Winkler USA LP (Winkler USA). The proofer was manufactured by a German company, Winkler GmbH, which filed for bankruptcy in Germany in 2000. The Winkler GmbH German bankruptcy proceeding

resulted in three separate asset sales, two of which are relevant to this action. Defendant Bakery Engineering/Winkler, Inc. (Bakery) purchased, inter alia, Winkler GmbH's customer lists, customer contracts, accounts receivable, and balance sheet assets. In a separate sale, defendant Winkler Backereitechnik GmbH (Winkler) purchased, inter alia, Winkler GmbH's entire manual and industrial machinery program and equipment, a component program for bread and cookies, as well as an industrial proofing cabinet. Winkler is wholly owned by defendant Werner & Pfleiderer Industrielle Backtechnik GmbH (Werner).

Inasmuch as they did not design, manufacture, sell, or distribute the product at issue, plaintiff's amended complaint against Winkler, Werner, and Bakery is based in part upon theories of successor tort liability. The parties agree that, under German law, a purchaser of assets from a bankruptcy trustee is immune from successor liability for the pre-sale torts of the seller. Thus, Winkler, Werner, and Bakery contend that there can be no successor liability here because, inter alia, they purchased the assets of Winkler USA and/or Winkler GmbH from the German bankruptcy trustee.

Winkler and Werner together, and Bakery separately (hereafter, moving defendants), moved for summary judgment dismissing the amended complaint against them on the ground, inter alia, that comity and choice of law principles require New York courts to apply German bankruptcy law to plaintiff's successor tort liability claims. Supreme Court applied New York's law of successor tort liability and denied both motions. The court also determined that Winkler and Werner failed to meet their burden with respect to the "de facto merger" theory of successor liability under New York law, and that Bakery failed to meet its burden with respect to both the "de facto merger" and "mere continuation" theories of successor liability. Lastly, the court denied that part of Bakery's motion seeking summary judgment dismissing the fourth cause of action based upon failure to warn, and the fifth cause of action based upon the theory that Bakery launched an instrument of harm. We conclude that the court erred in denying those parts of Bakery's motion with respect to the fourth and fifth causes of action, and we therefore modify the order accordingly.

Initially, we reject the moving defendants' contention that comity requires the application of German bankruptcy law to the issue of successor tort liability in this New York action. It is well settled that laws of foreign governments have extraterritorial jurisdiction only by comity (see *J. Zeevi & Sons v Grindlays Bank [Uganda]*, 37 NY2d 220, 227-228, *cert denied* 423 US 866; *see also Huntington v Attrill*, 146 US 657, 669; *Mertz v Mertz*, 271 NY 466, 470). "The principle which determines whether we shall give effect to foreign legislation is that of public policy and, where there is a conflict between our public policy and application of comity, our own sense of justice and equity as embodied in our public policy must prevail" (*J. Zeevi & Sons*, 37 NY2d at 228). Contrary to the public policy reflected by German law, New York's public policy provides for successor tort liability in asset purchase transactions from bankrupt corporations, but only if one or more well-defined exceptions apply

(see *Sweatland v Park Corp.*, 181 AD2d 243, 245-246).  In light of the foregoing, we decline to extend comity to German bankruptcy law.  We further conclude that, inasmuch as plaintiff is a New York domiciliary and the situs of the alleged tort is in New York (see *Burnett v Columbus McKinnon Corp.*, 69 AD3d 58, 59-60), choice of law principles also compel the application of New York's successor tort liability rules (see *Neumeier v Kuehner*, 31 NY2d 121, 128).

With respect to successor tort liability under New York law, we are concerned here only with the de facto merger and mere continuation exceptions (see *Sweatland*, 181 AD2d at 245-246; *Wensing v Paris Indus.-N.Y.*, 158 AD2d 164, 167).  We reject the contention of the moving defendants that there was no de facto merger herein because there was no continuity of ownership.  Even assuming, arguendo, that the moving defendants established a lack of such continuity, we conclude that the court nonetheless properly denied the motions (see *Sweatland*, 181 AD2d at 245-246).  "Public policy considerations dictate that, at least in the context of tort liability, courts have flexibility in determining whether a transaction constitutes a de facto merger.  While factors such as shareholder and management continuity will be evidence that a de facto merger has occurred . . . , those factors alone should not be determinative" (*id.* at 246).  Instead, the court should analyze each situation on a case-by-case basis and thus, contrary to the contention of the moving defendants, the presence or absence of continuity of ownership is not determinative (see *id.*).

We likewise reject Bakery's contention that there was no de facto corporate merger herein because it purchased assets from a "natural person," i.e., the German bankruptcy trustee.  The asset sale agreement specifically identified "Winkler USA" as the seller.  Moreover, the agreement conveyed Winkler USA's inventory, contracts, and commitments with customers, accounts receivable, balance sheet assets, and the exclusive right to use the Winkler logo and name in certain markets.  It also obligated Bakery to assume all employees of Winkler USA and obligated Winkler USA to assign to Bakery the lease for Winkler USA's facility in Rockaway, New Jersey.  Under those circumstances, we conclude that the court properly denied that part of Bakery's motion based on the theory of de facto merger (see *generally Hoover v New Holland N. Am., Inc.*, 71 AD3d 1593, 1594).  We reject Bakery's further contention that it established prima facie entitlement to summary judgment with respect to the mere continuation exception.  We conclude that, on this record, Bakery failed to establish that it was not a mere continuation of Winkler USA (see *generally Martorel v Tower Gardens, Inc.*, 74 AD3d 651, 652).

We agree with Bakery, however, that the court erred in denying that part of its motion seeking to dismiss the fourth cause of action based on an alleged failure to warn.  We conclude that Bakery met its initial burden by establishing that it did not service or repair the proofer and therefore had no duty to warn (see *Ward v Lithibar-Matik, Inc.*, 6 AD3d 424, 425), and we further conclude that plaintiff failed to raise an issue of fact (see *generally Zuckerman v City of New York*,

49 NY2d 557, 562).  We also agree with Bakery that the court erred in denying that part of its motion seeking to dismiss the fifth cause of action based on the theory that, although plaintiff was not a party to the service contract between Bakery and Wegmans, Bakery could still be held liable to plaintiff because Bakery " 'launched a force or instrument of harm' " that injured plaintiff (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 141-142, quoting *Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168).  Inasmuch as it is undisputed that Bakery did not service or repair the proofer, Bakery established that it did not create or exacerbate any alleged dangerous condition in that machine, and plaintiff failed to raise an issue of fact (*see generally Zuckerman*, 49 NY2d at 562).

Entered:  April 29, 2016                      Frances E. Cafarell
                                              Clerk of the Court