■ Robert Wass et al., Respondents, v County of Nassau et al., Defendants, and Bauer Corporation et al., Appellants.
[60 NYS3d 339]—

In an action, inter alia, to recover damages for personal injuries based on products liability, etc., the defendants Bauer Corporation and Babcock Co., Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Diamond, J.), entered October 14, 2015, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Bauer Corporation and Babcock Co., Inc., which was for summary judgment dismissing the complaint insofar as asserted against them is granted.

In December 2012, the injured plaintiff allegedly fell from a defective wooden ladder while performing work outside of the Nassau Coliseum. The injured plaintiff, and his wife suing derivatively, commenced this action against the County of Nassau, the County of Nassau Department of Public Works, Bauer Corporation, and Babcock Co., Inc. As pertinent to this appeal, the plaintiffs asserted a cause of action sounding in products liability against Bauer Corporation and Babcock Co., Inc. (hereinafter Babcock Co.; hereinafter together the Bauer defendants), based upon the allegedly defective wooden ladder, which was manufactured by W.W. Babcock Company, Inc. (hereinafter Old Babcock), in 1988. Prior to the commencement of this action, Babcock Co. acquired all of Old Babcock's assets from the Small Business Administration (hereinafter the SBA), and then merged with Bauer Corporation.

The Bauer defendants moved for summary judgment, inter

alia, dismissing the complaint insofar as asserted against them. The Supreme Court denied that branch of the motion, concluding, in pertinent part, that there were triable issues of fact as to whether Babcock Co. was a mere continuation of Old Babcock. The Bauer defendants appeal, and we reverse the order insofar as appealed from.

Manufacturers may be held strictly liable for injuries caused by their products "because of a mistake in the manufacturing process, because of defective design or because of inadequate warnings regarding use of the product" (*Sprung v MTR Ravensburg*, 99 NY2d 468, 472 [2003]; *see Singh v Gemini Auto Lifts, Inc.*, 137 AD3d 1002, 1002 [2016]). However, as a general rule, a corporation which acquires the assets of another corporation is not liable for the predecessor's tortious conduct, including a defective and dangerous product manufactured by the predecessor (*see Schumacher v Richards Shear Co.*, 59 NY2d 239, 244 [1983]; *Nationwide Mut. Fire Ins. Co. v Long Is. A.C., Inc.*, 78 AD3d 801 [2010]). There are four exceptions to this general rule against successor liability. A corporation may be held liable for the torts of its predecessors if (1) the successor corporation expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction was entered into fraudulently to escape such obligations (*see Schumacher v Richards Shear Co.*, 59 NY2d at 245; *Nationwide Mut. Fire Ins. Co. v Long Is. A.C., Inc.*, 78 AD3d at 801-802).

Here, the Bauer defendants established their prima facie entitlement to summary judgment with evidence that they did not make or sell the subject ladder, that they were not liable pursuant to the general rule against successor liability, and that none of the exceptions to the general rule applied here. In opposition, the plaintiffs failed to raise a triable issue of fact with respect to any of the exceptions to the general rule, including the two they contested: that Babcock Co., the purchasing corporation, was allegedly a mere continuation of Old Babcock, and that the Bauer defendants impliedly assumed Old Babcock's tort liability.

With respect to the mere continuation exception, the underlying theory is that, if a corporation goes through "a mere change in form without a significant change in substance, it should not be allowed to escape liability" (*Martin Hilti Family Trust v Knoedler Gallery, LLC*, 137 F Supp 3d 430, 458 [SD NY 2015] [citations and internal quotation marks omitted]; *see JGB Enters., Inc. v Beta Fluid Sys., Inc.*, 135 F Supp 3d 18, 32 [ND

NY 2015]). Thus, this exception applies where "it is not simply the business of the original corporation which continues, but the corporate entity itself" (*Ladjevardian v Laidlaw-Coggeshall, Inc.*, 431 F Supp 834, 839 [1977]). A continuation envisions something akin to a corporate reorganization, rather than a mere sale, with "a common identity of directors, stockholders and the existence of only one corporation at the completion of the transfer" (*id.* at 839; *see Schumacher v Richards Shear Co.*, 59 NY2d at 245).

Here, the Bauer defendants' submissions demonstrated that, after Old Babcock went out of business and ceased to exist, the SBA acquired its equipment, inventory, and general intangibles pursuant to a first security interest lien. Thereafter, the SBA sold those assets to Babcock Co. for $75,000, and issued a bill of sale for "[a]ll of its rights, title and interest in the machinery and equipment, furniture and inventory, fixtures and general intangibles of [Old Babcock] pursuant to [a] security agreement dated December 9, 1991, between Babcock and Norstar Bank, N.A." This included the right to use Old Babcock's name and trademark. Further, the Bauer defendants submitted evidence that none of the owners or officers of Old Babcock was an owner or officer of Babcock Co. or Bauer Corporation. Accordingly, the Bauer defendants established, prima facie, that the mere continuation exception does not apply because there was no sale between Old Babcock and Babcock Co., no continuity of ownership or control between those entities, and no corporate reorganization (*cf. Nationwide Mut. Fire Ins. Co. v Long Is. A.C., Inc.*, 78 AD3d at 802; *Burgos v Pulse Combustion*, 227 AD2d 295, 295-296 [1996]). In opposition, the plaintiffs failed to raise a triable issue of fact. The mere fact that some former Old Babcock employees worked for Babcock Co. was insufficient to raise a triable issue of fact (*see generally Ladjevardian v Laidlaw-Coggeshall, Inc.*, 431 F Supp at 839).

Further, the plaintiffs' contention that the Bauer defendants impliedly assumed Old Babcock's tort liability is without merit. The Bauer defendants demonstrated, prima facie, that they did not assume any tort liability of Old Babcock and, in opposition, the plaintiffs failed to raise a triable issue of fact (*cf. Ward v Lithibar-Matik, Inc.*, 6 AD3d 424, 425 [2004]).

Accordingly, the Supreme Court should have granted that branch of the Bauer defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.

In light of our determination, we need not reach the Bauer defendants' remaining contention. Mastro, J.P., Rivera, Hall and Maltese, JJ., concur.