Bruno v 666 KFC, LLC (2025 NY Slip Op 52038(U))

[*1]

Bruno v 666 KFC, LLC

2025 NY Slip Op 52038(U)

Decided on December 19, 2025

Supreme Court, Kings County

Boddie, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 19, 2025
Supreme Court, Kings County

Jean B. Bruno, Plaintiff,

against
666 KFC, LLC, 668 ASSOCIATES LLC, SOFT STONE DEVELOPMENT AND 
 MANAGEMENT GROUP LLC, SOFT STONE DEVELOPMENT GROUP LLC, and ABC CONTRACTORS 1-5 being fictitiously named entities whose identities are to be determined, Defendants.

Index No. 507318/2024

Attorney for plaintiff: STEVEN EDWARD SPADA, Esq., Redmond Law PLLC, 80 Broad Street Suite 1202, New York, NY 10004, (212) 799-8989
Attorney for movant defendants: STUART A. BLANDER, Esq., HELLER HOROWITZ & FEIT PC, 260 Madison Ave Fl 17, New York, NY 10016, (917) 282-4163

Reginald A. Boddie, J.

The following e-filed papers read herein: NYSCEF Doc Nos.
MS 3 68-71; 103-116
MS 4 72-99; 117-122
The motion by defendants, 666 KFC, LLC and 668 Associates, LLC (collectively, "Movant Defendants"), seeking an order pursuant to CPLR 3212 granting them summary judgment dismissing plaintiff's complaint on the grounds that plaintiff lacks standing to maintain this action; and plaintiff's motion seeking an order pursuant to CPLR 3212 granting him summary judgment on his claims and awarding him damages totaling $493,538.29, are decided as follows:
By way of background and according to plaintiff, in or around 2018, defendants began extensive construction work in connection with the erection of a new building on property directly adjacent to plaintiff's property. Plaintiff alleges he discovered, then, that defendants had been performing construction activities on and from his property, located at 670 Bushwick Avenue in Brooklyn, New York ("Property") without his authorization and, further, that [*2]defendants had damaged his Property.[FN1]
 
Thereafter, plaintiff retained counsel and executed two agreements with defendants, 666 KFC, LLC and Softstone Development and Management Group LLC (collectively, the "Contractual Defendants"): (1) the Settlement Agreement ("Settlement Agreement") and (2) the License Agreement ("License Agreement" and collectively, "Agreements"), both dated September 1, 2019. Plaintiff represents that, under the Agreements, defendants were required to perform repairs to rectify the Property Damage as well as pay plaintiff a monthly license fee of $3,500 for one year beginning September 1, 2019, and $3,850 thereafter on an ongoing basis until defendants completed the repairs and issued a written notice that their license access was complete. Plaintiff claims, however, that defendants failed to complete any of the repairs as required under the Settlement Agreement and further failed to pay the required license fees for any months beyond February 2022. By written notice on July 19, 2022, plaintiff, through counsel, demanded that defendants cure their defaults. After issuing a second notice thereafter, plaintiff asserts defendants still failed to cure leading to the instant litigation. 
In his motion seeking summary judgment, plaintiff contends he is entitled to unpaid monthly license fees in the amount of $184,800, representing 48 months of fees at the rate of $3,850 per month from March 2022 to the present. In addition, plaintiff claims he is entitled to $186,046.22 in repair costs as supported by four different quotes from various companies in lawn/landscaping care and construction. In addition, plaintiff states that he hired, through counsel, Gilsanz Murray Steficek LLP ("GMS"), a professional engineering firm, to inspect the Property. The inspection was carried out by one of GMS's engineers, Dan Eschenasy, P.E., F.SEI, who visited the property on February 29, 2024. Plaintiff proffers the site conditions report issued by GMS purportedly detailing the damaged condition of the Property. Plaintiff also seeks an award of $122,692.07 in attorney and engineer fees, which plaintiff contends is supported under section 4 of the Settlement Agreement as well as sections 4 and 13 of the License Agreement.
In addition to his breach of contract claims, plaintiff seeks summary judgment on his claim for nuisance (Sixth Cause of Action) and dismissal of defendants' First, Second and Third Counterclaims. Defendants' First Counterclaim alleges that on "various occasions after September 1, 2019," defendant 666 KFC LLC attempted to undertake certain corrective work on plaintiff's property but that plaintiff "prevented and refused entry onto the premises by a representative of 666 KFC" resulting in its inability to "do the restorative work that plaintiff requested." Defendants' Second Counterclaim seeks rescission of the Settlement Agreement based on plaintiff's misrepresentation that he owned the Property. The Third Counterclaim seeks return of the monies already paid to plaintiff due to plaintiff's misrepresentation.
The Movant Defendants oppose plaintiff's motion and seek summary judgment dismissing the action on the ground that plaintiff lacks standing. In this regard, Movant Defendants contend that plaintiff executed the Agreements as the "owner" of the Property when, [*3]in fact, he had transferred title to the Property to an entity known as "670 Bushwick Ave Rental" some years prior, in 2015. Because plaintiff was not the owner of the Property when entering into the Agreements, defendants contend they are entitled to rescission of the Agreements based on plaintiff's false representation and the return of almost a quarter of a million dollars in payments that were made to plaintiff pursuant to the Agreements.
In addition to raising the standing issue, defendants argue summary judgment cannot be granted in favor of plaintiff due to: (1) plaintiff's failure to provide competent evidence of the repair costs insofar as plaintiff failed to submit photographs or documents depicting the condition of the Property prior to the construction activities; (2) plaintiff's failure to lay a foundation as to the admissibility of the estimated repair invoices; (3) plaintiff's failure to demonstrate a claim against defendant 668 Associates LLC since such defendant was not a party to the Agreements and plaintiff has not put forward any facts to establish an alter ego theory of liability; (4) plaintiff's act of blocking workers from entering the Property during repair attempts; (5) plaintiff's attempt to recover license fees beyond the "License Term" which ended, at the latest, eighteen months from September 1, 2019, which would have been March 1, 2021; and (6) plaintiff's attempt to recover attorneys' fees without having established the reasonableness of such fees.
In opposition to defendants' motion, plaintiff submits he has standing to maintain this action since 670 Bushwick Ave Rental is an alias plaintiff created for himself as a d/b/a, and which he registered under the business certificate filed in Kings County pursuant to General Business Law § 130 in 2015. Plaintiff claims that the alias is a fictitious assumed name for plaintiff and not capable of holding title unless it represents an existing individual, i.e., plaintiff. Even assuming plaintiff and his d/b/a were legally distinct, plaintiff argues that he is still the owner of the Property because the deed from plaintiff to his fictitious d/b/a is a nullity since a deed transferring property to a d/b/a is valid only if the d/b/a represents an existing individual. In any event, plaintiff contends defendants would not be entitled to rescission of the Agreements because, in addition to plaintiff being the owner of the Property, defendants fail to show intent which is necessary to establish rescission based on fraud.
Regarding the allegation that plaintiff blocked Movant Defendants from accessing the Property, plaintiff contends Movant Defendants' own testimony refutes their position. In addition, plaintiff points out that Movant Defendants' contemporaneous conduct indicates that access was not blocked since there are no emails, letters, notices, or other writings in which defendants complain that plaintiff denied them entry when trying to comply with their obligations. Plaintiff also submits that the proffered estimated repair costs are admissible since the estimates are not being offered as business records and, therefore, do not require a formal foundation. Rather, that they are admissible to prove cost where the nature and extent of the required work are independently established.
Regarding the Movant Defendants' claim that the License Agreement has terminated, plaintiff argues that, in the event the court agrees, plaintiff is still entitled to loss-of-use damages for the period during which defendants left the Property damaged and unusable. It is plaintiff's position that defendants substantially interfered with his use and enjoyment of the Property and damages may be measured by the loss in rental value or equivalent compensation.
Finally, as for Movant Defendants' argument that 668 Associates LLC cannot be liable as a non-signatory to the Agreements, plaintiff contends that the undisputed record shows continuity of ownership, control, and enterprise such that 668 Associates LLC is liable as a [*4]successor entity to 666 KFC LLC. In this regard, plaintiff points out that Dovie Sperlin ("Sperlin") testified on behalf of both 666 KFC LLC and 668 Associates LLC stating that he owns both entities through a family trust. Further, plaintiff contends there is no meaningful separation between the entities in ownership, management, or operations since both entities operate from the same business address at 549 Empire Boulevard, Brooklyn, New York 11225, both are represented by the same counsel in this action, and the timing and structure of the transfer confirm that it was not an arms-length transaction since Sperlin executed the deed on behalf of both the seller and the buyer in 2022 for nominal consideration, after defendants caused the Property Damage at issue. 
 Discussion
As standing is a threshold issue, the court first addresses the Movant Defendants' motion. "Standing to sue requires an interest in the claim at issue in the lawsuit that the law will recognize as a sufficient predicate for determining the issue at the litigant's request" (Caprer v Nussbaum, 36 AD3d 176, 182 [2d Dept 2006] [citation omitted]). Professor David Siegel, in NY Prac, § 136, at 232 [4th ed] instructs that:
"It is the law's policy to allow only an aggrieved person to bring a lawsuit . . . A want of "standing to sue," in other words, is just another way of saying that this particular plaintiff is not involved in a genuine controversy, and a simple syllogism takes us from there to a "jurisdictional" dismissal: (1) the courts have jurisdiction only over controversies; (2) a plaintiff found to lack "standing" is not involved in a controversy; and (3) the courts therefore have no jurisdiction of the case when such a plaintiff purports to bring it."
Here, defendants fail to establish that plaintiff lacks standing to sue. As a party to the contract under which plaintiff seeks redress, plaintiff has demonstrated an interest in the claim at issue in this lawsuit. Defendants fail to explain why plaintiff is unable to seek redress for breach of contract of the Agreements merely because legal ownership of the Property is titled to an entity rather than to plaintiff individually. This is especially so where (1) defendants do not dispute that plaintiff is the beneficial owner of the Property; and (2) defendants fail to dispute that the alias is merely a d/b/a and plaintiff has the authority to bind the entity owning the Property. Thus, Movant Defendants' motion seeking dismissal of the action based on lack of standing is denied. Plaintiff has standing to maintain this action.
Turning then to plaintiff's motion, it is well established that a party moving for summary judgment has the burden of making a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence demonstrating the absence of any material issues of fact (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). Once the proponent has made a prima facie showing, the burden then shifts to the motion's opponent to present evidentiary facts in admissible form sufficient to raise a genuine, triable issue of fact (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (Morejon v New York City Tr. Auth., 216 AD3d 134, 136 [2d Dept 2023] [citations omitted]).
The elements of a cause of action for breach of contract are (1) the existence of a contract between plaintiff and defendant, (2) performance by the plaintiff, (3) defendant's failure to perform, and (4) damages resulting from such failure to perform (Sunyoung Jung v. Reiner & [*5]Kaiser Assoc., 220 AD3d 643, 645 [2d Dept 2023] [citation omitted]).
Here, plaintiff established his prima facie entitlement to summary judgment on his claim for breach of the Settlement Agreement (First Cause of Action) against Movant Defendants and Softstone Development and Management Group LLC, as such defendants were obligated to repair the "Entry Gate Damage," "Garage Damage," and "all Property Damage" under the Settlement Agreement, but undisputedly failed to conduct any repairs. Movant Defendants' contention that plaintiff blocked repairs from being done is unsupported by any facts or evidence.
However, with respect to the requested repair damages in the amount of $186,046.22, plaintiff fails to provide sufficient evidence establishing such amount on a motion for summary judgment. Similarly, while plaintiff is entitled to judgment on his Fourth Cause of Action for breach of contract relating to defendants' failure to pay "Professional Fees" such as attorneys' and engineers' fees, the determination as to the amount of such fees shall be conducted at trial or inquest. The attorney invoices proffered by plaintiff are substantially redacted. As such, the court cannot determine the reasonableness of the requested legal fees. 
Regarding breach of the License Agreement, plaintiff fails to establish defendants' breach of same given that plaintiff seeks fees beyond the License Term. Specifically, paragraph 2 provides:
""License Term" means the period commencing on the Effective Date and ending ten (10) days after the date in which Licensee provides written notice to Licensor that the Work has been completed and access to the Licensor Property is no longer necessary for the completion of the Project, which date shall in no event exceed the earlier of: (i) twelve (12) months from the Effective Date, subject to 666 KFC's option to extend such date by six (6) months; or (ii) the date the Project is actually completed; or (iii) the sooner termination of this Agreement as permitted by Licensor herein (the "Expiration Date")."
Based on the foregoing provision, defendants correctly assert that the License Term could not have exceeded 18 months from the Effective Date of September 1, 2019, which is March 1, 2021. Since defendants paid license fees through February 2022, plaintiff fails to demonstrate defendants' breach of the License Agreement. Plaintiff's contention that his entitlement to license fees is ongoing because defendants never conducted any repairs is unsupported by the plain language of paragraph 2 of the License Agreement. To the extent plaintiff claims he is entitled to such fees based on defendants' substantial interference with his property, plaintiff fails to demonstrate entitlement to summary judgment on his claim for nuisance.[FN2]
Moreover, the measure of damages for a nuisance claim differs from the contractual damages that plaintiff seeks herein.
Regarding Movant Defendants' argument that plaintiff has not established liability against 668 Associates LLC, there is merit to plaintiff's argument that 668 Associates LLC is a [*6]"mere continuation" of its predecessor, 666 KFC LLC, based on the facts proffered by plaintiff. "A corporation may be held liable for the torts of its predecessor if (1) it expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction [was] entered into fraudulently to escape such obligations" (Menche v CDx Diagnostics, Inc., 199 AD3d 678, 680 [2d Dept 2021] [quoting Schumacher v Richards Shear Co., 59 NY2d 239, 245 [1983] [alteration in original]). "With respect to the mere continuation exception, the underlying theory is that, if a corporation goes through a mere change in form without a significant change in substance, it should not be allowed to escape liability" (Wass v County of Nassau, 153 AD3d 887, 888 [2d Dept 2017] [citations and internal quotation marks omitted]). "Thus, this exception applies where it is not simply the business of the original corporation which continues, but the corporate entity itself" (id. at 889 [citation and internal quotation marks omitted]). "A continuation envisions something akin to a corporate reorganization, rather than a mere sale, with a common identity of directors, stockholders and the existence of only one corporation at the completion of the transfer" (id. [citation and internal quotation marks omitted]).
However, here, plaintiff only provided such facts in response to Movant Defendants' opposition. Plaintiff did not establish 668 Associates LLC's liability in his initial motion papers, which deprived Movant Defendants from being able to respond. Thus, the judgment on liability granted herein is only against the Contractual Defendants.
Finally, regarding Movant Defendants' counterclaims, plaintiff established his entitlement to dismissal of all three counterclaims. The First Counterclaim concerns plaintiff's purported refusal to grant access to the Property, a claim that is wholly unsupported and contraindicated by the record evidence. The Second and Third Counterclaims center on plaintiff's purported fraud, i.e., his misrepresentation that he was the owner of the Property. The court finds, however, that the alleged misrepresentation does not constitute a material misrepresentation of fact since, for purposes of the parties' Agreements, plaintiff is the beneficial owner of the Property. As such, the Second and Third Counterclaims fail as a matter of law.
Based on the foregoing, Movant Defendants' motion (MS 3) is denied. Plaintiff's motion (MS 4) is granted to the extent granted herein but otherwise denied.
E N T E R:
Honorable Reginald A. Boddie
Justice, Supreme Court

Footnotes

Footnote 1:Plaintiff alleges the following damage, without limitation: (1) the iron wire entry gate; (2) the garage roof and walls; (3) numerous aspects of the backyard, including, without limitation, the walkway, fence, trees, strawberry bed, herb garden, and soil; (4) the property line wall; (5) certain interior wall/floor cracking; and (6) the industrial snake and snowblower equipment which was located in the garage (collectively, the "Property Damage").

Footnote 2:"The elements of a private nuisance cause of action are: (1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act" (Del Vecchio v Gangi, 225 AD3d 666, 668 [2d Dept 2024] [internal quotation marks omitted]).